IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIELS SHARPSMART, INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> CYNTOX LIMITED LIABILITY COMPANY, ) <br> ) <br>     Defendant. ) <br> ) | Case No: 1:23-cv-03536 |

**ANSWER TO COMPLAINT WITH**
**AFFIRMATIVE DEFENSES**

Defendant, Cyntox Limited Liability Company ("Cyntox" or "Defendant"), a New York corporation, by and through its undersigned counsel, as and for its Answer to Plaintiff's Complaint dated June 5, 2023 (the "Complaint") allege as follows:

Cyntox denies each and every allegation, statement, matter, and thing contained in the Complaint except hereinafter expressly admitted or alleged. To the extent that any specific allegation in the Complaint is not addressed, that allegation is denied. The repetition of the Complaint's subheadings is done solely for organizational purposes and is not an admission of their truth.

**PARTIES**

1. Defendant denies knowledge or information sufficient to form a response to the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits each and every allegation contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

1

3. Paragraph 3 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Cyntox admits that the amount sought in the Complaint exceeds $75,000 and otherwise denies the allegations set forth in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 4 of the Complaint except admits that the Plaintiff and Defendant entered into a contract pursuant to which the parties agreed any disputes shall be brought in the federal court in Chicago, Illinois.

## **FACTS**

5. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 5 of the Complaint.

6. Defendant respectfully refers the Court to the terms of the Cyntox Agreement referenced in Paragraph 6 of the Complaint, and otherwise denies each and every allegation contained therein.

7. Defendant respectfully refers the Court to the terms of the Cyntox Agreement referenced in Paragraph 7 of the Complaint, and otherwise denies each and every allegation contained therein.

8. Defendant respectfully refers the Court to the terms of the Cyntox Agreement referenced in Paragraph 8 of the Complaint, and otherwise denies each and every allegation contained therein.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendant denies each and every allegation contained in Paragraph 10 of the Complaint.

11. Defendant denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Defendant denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Defendant respectfully refers the Court to the terms of the Cyntox Agreement referenced in Paragraph 14 of the Complaint, and otherwise denies each and every allegation contained therein.

15. Defendant respectfully refers the Court to the terms of the Cyntox Agreement referenced in Paragraph 15 of the Complaint, and otherwise denies each and every allegation contained therein.

16. Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 17 of the Complaint.

**WHEREFORE**, Cyntox denies that Plaintiff is entitled to any of the relief requested in the "Relief" in Plaintiff's Complaint, or to any relief at all.

## AFFIRMATIVE DEFENSES

Cyntox reserves the right to amend its Answer, and to assert any additional defenses that may become known to it in the course of discovery or otherwise. Cyntox alleges and asserts the following defenses in response to the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses as a matter of law, regardless of how such defenses are denominated herein. These defenses are set forth cumulatively and in the alternative. Notwithstanding the foregoing, Cyntox states the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE

Cyntox is entitled to an offset, set-off and/or recoupment.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Frauds.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Defendant was in full compliance with any and all of its legal obligations with respect to Plaintiff.

**WHEREFORE**, Cyntox Limited Liability Company respectfully requests that the Court enter judgment as follows:

(a) Dismissing the Complaint in its entirety with prejudice;
(b) Awarding Cyntox such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated August 4, 2023 | Respectfully submitted,<br>**CYNTOX LIMITED LIABILITY COMPANY,**<br>Defendant |
| | By: _____/s/ Noam M. Besdin_____<br> One of His Attorneys |

Noam M. Besdin, Esq. – *Pro Hac Vice Pending*
Griffin H. Sloan, Esq. – *Pro Hac Vice Pending*
STEIN ADLER DABAH & ZELKOWITZ LLP
1633 Broadway, 46th Floor
New York, New York 10019
(212) 867-5620
gsloan@steinadlerlaw.com
nbesdin@steinadlerlaw.com

Alexander Loftus, Esq.
Ross Good, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
C: 312.772.5396
alex@loftusandeisenberg.com
ross@loftusandeisenberg.com