# EXHIBIT A



DINSMORE & SHOHL LLP
100 Berwyn Park
850 Cassatt Road, Suite 110
Berwyn, PA 19312
www.dinsmore.com

**ADAM H. SETTLE, ESQ.**
(610) 408-6020
adam.settle@dinsmore.com

October 26, 2023

<u>Via ECF</u>
Hon. Robert Kirsch
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
Courtroom 4E

> RE: *Cyntox MedAssure, LLC v. Daniels Sharpsmart, Inc.*
> No. 3:23-cv-04365-RK-RLS
> Letter Requesting Pre-Motion Conference

Dear Judge Kirsch,

Defendant Daniels Sharpsmart, Inc. ("Daniels" or "Defendant") respectfully requests the Court hold a Pre-Motion conference regarding Defendant's anticipated Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, transfer the matter to the United States District for the Northern District of Illinois. Defendant seeks dismissal of this matter as there is already pending litigation filed by Daniels against Cyntox, LLC ("Cyntox" or "Plaintiff") in the Northern District of Illinois captioned *Daniels Sharpsmart, Inc. v. Cyntox Limited Liability Company*, No. 1:23-cv-02536 (N.D. Ill.) (the "Illinois Action"). The subject matter of the Illinois Action substantially overlaps with this action such that the Court is compelled to dismiss Plaintiff's Complaint pursuant to the "first-filed rule."

**Factual and Procedural Background**

This case concerns the several contractual and business agreements between the two named parties and their affiliated entities. Daniels is engaged in the business of providing sharps solutions, transportation, waste management, and/or direct disposal processing of biomedical waste. Cyntox also manages and transports biomedical waste. The biomedical waste management industry is comprised of numerous service agreements among its industry participants wherein companies like Daniels and Cyntox provide services to one another in various states across the country. This industry is so intertwined that for example, it is not uncommon for subsidiaries or affiliates of Daniels to provide the same or similar services to Cyntox that another subsidiary or affiliate of Cyntox provides to entities related to Daniels. The business relationship between the two parties consists of a high volume of individual transactions made in performance of contracts that provide services that overlap substantially with one another.

On June 5, 2023, Defendant initiated the Illinois Action. In the Illinois Action, Defendant brings claims against Cyntox for breach of a contract pursuant to an agreement where Cyntox requested, and Daniels provided, sharps solutions and other waste management services.

While that suit has been pending, Plaintiff filed this lawsuit on August 11, 2023. (Doc. 1). Here, Plaintiff alleges that Daniels owes amounts to Cyntox, by means of past agreements Daniels made with a company called MedAssure, pursuant to which MedAssure would provide similar waste management services from medical providers on behalf of Daniels. (Doc. 1 at ¶¶ 8-14). Cyntox alleges that on or about June 7, 2022, Cyntox merged with MedAssure, pursuant to an Asset Purchase Agreement. (Doc. 1 at ¶ 7.)

Daniels now moves to dismiss this current action pursuant to the "first-filed" rule. While appearing to concern separate agreements among the parties, the Illinois Action involves a substantial overlap among the issues and parties in the present action, namely the various intertwined contractual and business relationships between Daniels and Cyntox. These matters concern the same parties litigating over the same evidence and witnesses regarding the overlapping business relationships between the parties and should not be tried in two different jurisdictions simultaneously. In the alternative, should the Court not grant Daniels's Motion to Dismiss, the Court should transfer the matter pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Illinois to be consolidated with the Illinois Action as the relevant factors suggest that the two pending cases must be tried together in Illinois.

**Argument**

The Court is compelled to dismiss Cyntox's Complaint pursuant to the "first-filed rule." This rule provides that, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). This rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 -972 (3d Cir. 1988). For the first-to-file rule to apply, there must be a substantial overlap between the two actions, but the issues and parties involved need not be identical. *See Maximum Human Performance, Inc. v. Dymatize Enters., Inc.*, No. 09-235, 2009 U.S. Dist. LEXIS 76994, 2009 WL 2778104, at *2-3 (D.N.J. Aug. 27, 2009), , *see also Tekno Prods. v. Glove Trends Inc.*, Civil Action No. 19-00091 (SDW) (ESK), 2019 U.S. Dist. LEXIS 220874, at *18 (D.N.J. Dec. 23, 2019) ("The first prong of the first-filed test does not require the 'causes of action' to be identical. Rather, it requires the actions to relate to the 'same issues.'"); *see also Nature's Benefit, Inc. v. NFI*, No. 06-4836, 2007 U.S. Dist. LEXIS 62871, 2007 WL 2462625, at *3 (D.N.J. Aug. 27, 2007) ("Neither identical parties nor identical issue[s] are needed, only a 'substantial overlap.'") The first-to-file rule permits a court to dismiss, stay, or transfer the later-filed action. *See, e.g.*, *Maximum Human Performance*, 2009 U.S. Dist. LEXIS 76994, 2009 WL 2778104, at *2. In deciding a motion to dismiss, stay, or transfer pursuant to the first-to-file rule, a court must consider the same factors applicable to a motion to transfer under § 1404(a). *Maximum Human Performance*, 2009 U.S. Dist. LEXIS 76994, 2009 WL 2778104, at *2.

The first prong of the first-filed rule is met as the Illinois Action and this pending action involve identical parties (Daniels and Cyntox) litigating issues relating to their business relationships for

which there is substantial overlap. The business relationship between the two parties consists of a high volume of individual transactions made in performance of contracts that provide biomedical waste services that overlap substantially with one another. *See Glunk v. Noone*, 186 F. Supp. 3d 453, 462 (E.D. Pa. 2016) ("The claims in each action are intertwined. The disposition of claims in one action could have preclusive effect on similar claims in the other.").

If the two cases proceed, discovery will be needlessly duplicative involving production of the same documents and deposing the same witnesses over the same subject matter. No agreement between the two entities occurred in a vacuum and any discovery would require the evaluation of the full scope of the business relationship. This overlap requires the Court to use its discretion and promote judicial efficiency and comity to dismiss this matter and allow the Illinois Action to proceed alone.

The second prong of evaluating a Motion to Dismiss pursuant to the first-filed rule is to evaluate the same factors applicable to a Motion to Transfer pursuant to 28 U.S.C. § 1404(a). The overriding public factors in this case that compel dismissal and/or transfer are (1) the enforceability of the judgment and (2) practical considerations that could make the trial easy, expeditious or inexpensive. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). This action and the pending Illinois Action involve litigation over rights and responsibilities concerning different but intimately related agreements between the parties, including the accounting of allegedly unpaid invoices outstanding. It highly likely that any outstanding obligations of one agreement are related to those in the other such that there is no way to resolve the matters in a vacuum or else produce contradictory and unworkable judgments in favor of the respective plaintiffs.

Second, from a practical lens, holding two parallel trials over the same documents, witnesses, and other evidence in two separate forums would be a needless use of resources and serve only to beget more confusion of the issues. The reality of these pending actions is that resolution of both matters requires the same wide-ranging inquiries and legal issues governing the relationship between the parties, and having two separate judges in different districts (and different Circuits) would risk contradictory results and evidentiary rulings among federal judges.

**Conclusion**

As a result, Defendant requests a Pre-Motion conference prior to its filing a Motion to Dismiss Plaintiff's Complaint as soon as practicable.

                                                    Respectfully,

                                                    */s/ Adam H. Settle*
                                                    Adam H. Settle, Esq.