IN THE UNITED STATES DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIELS SHARPSMART, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:23-cv-03536 |
| ) | |
| CYNTOX LIMITED LIABILITY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER TO STAY ORAL DISCOVERY**

Defendant Cyntox Limited Liability Company ("Cyntox"), by and through its undersigned counsel, does not oppose Plaintiff Daniels Sharpsmart, Inc. ("Daniels") Motion for Protective Order to Stay Oral Discovery, dated October 31, 2023 (the "Motion").

While Cyntox categorically rejects Daniels' characterization of this matter as "substantially similar" to the matter currently pending in the District Court for the District of New Jersey (*Cyntox MedAssure, LLC v. Daniels Sharpsmart, Inc.*, Case No. 3:23-cv-04365-RK-RLS (the "New Jersey Action")), Cyntox has fully responded to Daniels' motion in the New Jersey Action, and will adjudicate the issue in that forum. As such, Cyntox **does not object** to staying discovery in this action pending determination of the motion Daniels filed in New Jersey. Indeed, this entire dispute is costing the parties more to litigate than the amounts at issue.

We note that Daniels' instant Motion was not filed in accordance with Local Rule 37.2 which requires a good faith effort to resolve discovery disputes. Indeed, a good faith effort to resolve such disputes requires, "other than in exceptional circumstances, communication that takes

place *face to face or by telephone*." (*emphasis added*). Moreover, "[t]he mere exchange of correspondence *will not normally be sufficient to comply*…" *Id*. (*emphasis added*).

Here, Daniels sent a single email correspondence on October 13, 2023, and proceeded to move this court for a protective order without any further communication to or with Cyntox's counsel and therefore without the benefit of any input from Cyntox. Moreover, while we were preparing a submission indicating non-opposition to this Motion, Daniels today filed a proposed order prior to Cyntox's deadline to respond to it, which we understand to be November 10.

Cyntox does not oppose staying discovery at this time and would have communicated as much to Daniels if any conference between the parties had been held. Cyntox respectfully suggests that the conference set for tomorrow, November 9, is not necessary insomuch as Daniels' instant Motion is unopposed, but of course appreciates the Court's attention to this matter in any event.

| | |
|---|---|
| Dated: New York, New York<br>November 8, 2023 | STEIN ADLER DABAH & ZELKOWITZ LLP<br><br>By:     */s/ Griffin H. Sloan*<br>            One of Its Attorneys |

Noam Besdin, Esq. – *Pro Hac Vice*
Griffin H. Sloan, Esq. – *Pro Hac Vice*
STEIN ADLER DABAH & ZELKOWITZ LLP
936 Broadway, 5th Floor
New York, New York 10010
(212) 867-5620
nbesdin@steinadlerlaw.com
gsloan@steinadlerlaw.com

Alexander Loftus, Esq.
Ross Good, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
C: 312.772.5396
alex@loftusandeisenberg.com
ross@loftusandeisenberg.com